IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOHN GROOMS**                                                              **PETITIONER**

**V.**                                                              **NO. 1:20-CV-7-DMB-DAS**

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

consolidated with

**JOHN GROOMS**                                                              **PETITIONER**

**V.**                                                              **NO. 1:20-CV-36-DMB-DAS**

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

## ORDER

On or about January 2, 2020, John Grooms, acting pro se, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. United States Magistrate Judge David A. Sanders issued an order requiring Grooms "to keep this court informed of his current address" and cautioning Grooms that failure to do so could "lead to dismissal of his lawsuit." Doc. #5 at 2. On May 14, 2020, the State filed a motion to dismiss Grooms' petition without prejudice for failure to prosecute or, alternatively, as unexhausted.[1] Doc. #7. The State noted that "Grooms was released on parole on April 7, 2020, to Lee County, Mississippi," and "has failed to inform this Court of his current address." *Id.* at 2, 8. After the motion to dismiss was filed, two documents sent by the Court to Grooms were returned as undeliverable. Docs. #10, #13.

---

[1] On May 18, 2020, the case was consolidated with another case filed by Grooms concerning a challenge to the same sentence. Doc. #9. The member case lists a different address for Grooms while still in the State's custody; however, following his release, Grooms did not update this address either. *See Grooms v. State of Mississippi*, No. 1:20-cv-36, Doc. #1 (N.D. Miss. Feb. 27, 2020).

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). Because Grooms has failed to inform the Court of his current address, the State's motion to dismiss is **GRANTED in Part and DENIED in Part**.  It is GRANTED to the extent it seeks dismissal for failure to prosecute but DENIED as moot in all other respects.  Grooms' petition [1] is **DISMISSED without prejudice** for failure to prosecute and failure to comply with an order of the Court.

**SO ORDERED**, this 8th day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**