IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOHN GROOMS**      **PETITIONER**

**V.**      **NO. 1:20-CV-7-DMB-DAS**

**STATE OF MISSISSIPPI**      **RESPONDENT**

**consolidated with**

**JOHN GROOMS**      **PETITIONER**

**V.**      **NO. 1:20-CV-36-DMB-DAS**

**STATE OF MISSISSIPPI**      **RESPONDENT**

**OPINION AND ORDER**

John Grooms moves for reconsideration of the Court's dismissal of his petition for a writ of habeas corpus. Because the Court concludes that the motion is untimely and that Grooms otherwise has failed to show extraordinary circumstances, reconsideration will be denied.

**I**
**Procedural History**

On or about January 2, 2020, John Grooms filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1.[1] United States Magistrate Judge David A. Sanders issued an order requiring Grooms "to keep this court informed of his current address" and cautioning Grooms that failure to do so could "lead to dismissal of his lawsuit." Doc. #5 at 2. On May 14, 2020, indicating that Grooms had been released on parole on April 7, 2020, and had not informed the Court of his current address, the State moved to dismiss

---

[1] The Court cites the docket in the lead case, No. 1:20-cv-7.

Grooms' petition without prejudice for failure to prosecute or, alternatively, as unexhausted.[2] Doc. #7. "Because Grooms ha[d] failed to inform the Court of his current address," the Court on October 8, 2020, granted the motion to dismiss "to the extent it [sought] dismissal for failure to prosecute."[3] Doc. #14.

Over a year later, on or about November 9, 2021, Grooms submitted a letter to the Court seeking reconsideration of the dismissal, claiming he was unaware his case was dismissed and that the Mississippi Department of Corrections ("MDOC") "had [his] address and was supposed to forward [his] mail." Doc. #17. Construing the letter as a motion for reconsideration, the State filed a response, arguing Grooms' motion is untimely and that he cannot show extraordinary circumstances justify relief.[4] Doc. #18. Grooms did not reply.

## II
## Standard

Federal Rule of Civil Procedure 60(b)[5] provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied,

---

[2] On May 18, 2020, the case was consolidated with another case filed by Grooms concerning a challenge to the same sentence. Doc. #9.

[3] The Court noted that "[a]fter the motion to dismiss was filed, two documents sent by the Court to Grooms were returned as undeliverable." Doc. #14 at 1.

[4] The State also renewed its argument that Grooms' claims are unexhausted. Doc. #18 at 8.

[5] Applying the liberal standard for pro se litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), the Court construes Grooms' request as a motion under Rule 60. Because Grooms filed his motion more than twenty-eight days after the judgment, it is properly analyzed under Rule 60(b) rather than Rule 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

2

released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Where a habeas petitioner relies on the catchall provision of 60(b)(6), he "is required to show extraordinary circumstances justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (internal quotation marks omitted).

### III
### Analysis

Grooms' request for reconsideration of the dismissal of his petition can only reasonably be made pursuant to Rule 60(b)(1) or Rule 60(b)(6).

As a Rule 60(b)(1) motion, the motion is untimely since it was filed after the one-year deadline, *see* Fed. R. Civ. P. 60(c)(1), unless Grooms can show good cause for the delay, *see In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). The only argument Grooms offers for the delay is that he was unaware of the dismissal because MDOC did not forward his mail. Doc. #17. However, Judge Sanders' order explicitly placed on Grooms, not MDOC, the burden of "keep[ing] this court informed of his current address." Accordingly, Grooms fails to show good cause for his untimely motion.

If his request for relief is considered a Rule 60(b)(6) motion, Grooms must show extraordinary circumstances to be entitled to such. "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors … includ[ing], in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal quotation marks omitted). Grooms fails to present any argument that dismissal of his case based on his own

failure to comply with the Court's order will result in an injustice.[6]  Accordingly, he has failed to show extraordinary circumstances to warrant the relief he seeks.

## IV
## Conclusion

Grooms' motion for reconsideration [17] is **DENIED**.

**SO ORDERED**, this 14th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Under the circumstances, the Court believes he would not be able to do so.  There is nothing indicating that Grooms made any attempt to notify the Court of his updated address or that he was prevented from checking on the status of his case, particularly since he appears to have been released on parole.  *See* Docs. #7-1, #7-2.